UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

```
------------------------------x
                              :   Crim. No. 3:16MJ00713(SALM)
In re: Search Warrant         :
Dated 11/9/2016               :
                              :   February 10, 2017
------------------------------x
```

**RULING ON OBJECTION TO DISCLOSURE OF DOCUMENTS [Doc. #6]**

On November 9, 2016, the undersigned authorized an Application for a Search Warrant to search the Law Offices of Sturges & Mathes, LLC, 465 Heritage Road, Southbury, CT 06488 (hereinafter the "Search Warrant"). See Doc. #1. On December 22, 2016, counsel for Attorney Robert Barry (the "Movant") objected to "the disclosure of a zip file containing 15 documents seized from Attorney Robert Barry's law office pursuant" to the Search Warrant (hereinafter the "Objection"). Doc. #6. The government has filed an opposition to the Objection [Doc. #7], and provided for in camera review copies of the documents claimed as privileged.

**BACKGROUND**

The affidavit executed in support of the Search Warrant proposes procedures for the screening of possible attorney-client privileged material by a "filter team." See Doc. #1 at ¶¶36-54. Pursuant to this proposed procedure, an Assistant United States Attorney on the filter team provides defense counsel with 30 calendar days in which to review materials and to assert any claim that the materials are protected by the attorney-client privilege.

1

See Doc. #1 at ¶49. In the event that defense counsel asserts a claim of privilege, and an agreement cannot be reached with the government regarding the material's disclosure to the investigative team, then defense counsel has three days to raise the issue with the Court. See id.

Following this procedure, counsel for Movant asserted a claim of attorney-client privilege as to fifteen documents seized pursuant to the Search Warrant. See Doc. #7 at 2. Each of the documents as to which privilege is claimed is a final will, trust agreement, or trust agreement amendment. See id. The filter team AUSA responded to Movant's counsel that he did not agree that the fifteen seized documents were subject to a claim of attorney-client privilege, and provided Movant's counsel with time to raise the claims of privilege with the Court. See id.

Following an off-the-record discussion with the Court and the filter AUSA, counsel for Movant filed a one page Objection to the disclosure of the fifteen documents, stating: "Each of the documents consists of a final will, trust agreement, or amendment. All of the foregoing documents contain items that are protected by the attorney-client privilege." Doc. #6. Notably, the Objection is not supported by a memorandum or affidavit(s). The government generally responds that Movant has not sustained his burden of establishing the attorney-client privilege. See generally Doc. #7 at 2-3. For the reasons set forth below, the Court finds that

2

Movant has not sustained his burden of establishing that the documents at issue are protected by the attorney-client privilege.

## LEGAL STANDARD

The purpose of the attorney-client privilege "has long been 'to encourage full and frank communication between attorneys and their clients and thereby promote broader public interests in the observance of law and administration of justice.'" United States v. Mejia, 655 F.3d 126, 132 (2d Cir. 2011) (quoting Upjohn Co. v. United States, 449 U.S. 383, 389 (1981)). The privilege is narrowly construed and applied "only where necessary to achieve its purpose ... because it renders relevant information undiscoverable." Id. (internal quotation marks omitted) (quoting In re County of Erie, 473 F.3d 413, 418 (2d Cir. 2007)).

Courts in this Circuit have routinely held that the privilege "protects communications (1) between a client and his or her attorney (2) that are intended to be, and in fact were, kept confidential (3) for the purpose of obtaining or providing legal advice." Id. (citing County of Erie, 473 F.3d at 419); accord Bernstein v. Mafcote, Inc., 43 F. Supp. 3d 109, 114 (D. Conn. 2014). "The party asserting the privilege ... bears the burden of establishing its essential elements." Mejia, 655 F.3d at 132 (citation omitted). "That burden is not, of course, discharged by mere conclusory or ipse dixit assertions, for any such rule would foreclose meaningful inquiry into the existence of the

relationship, and any spurious claims could never be exposed." <u>von Bulow by Auersperg v. von Bulow</u>, 811 F.2d 136, 146 (2d Cir. 1987) (quoting <u>In re Bonanno</u>, 344 F.2d 830, 833 (2d Cir. 1965)).

### **DISCUSSION**

The record before the Court is devoid of information which would satisfy Movant's burden of establishing that the documents at issue, admittedly all <u>final</u> wills, trust agreements or amendments to such trusts, are protected by the attorney client privilege. First, there is no indication that these documents were communicated between Movant and clients of his law practice. There is nothing to establish that any of the individuals named in the documents at issue are Movant's clients.[1]

Second, the very nature of these documents contravenes any assertion that such documents were "intended to be, and in fact were, kept confidential." <u>Mejia</u>, 655 F.3d at 132. Each of the five documents containing a last will and testament was presumably prepared for the very purpose of public filing with the probate court to ensure the appropriate distribution of the decedents'

---

[1] Although the argument is not made by Movant, even assuming that the individuals named in the documents at issue are Movant's clients, to the extent Movant contends that the identities of his clients are privileged, Courts in this Circuit have routinely found that the identity of an attorney's client is not protected by the attorney-client privilege. <u>See</u> <u>In re Grand Jury Subpoena Served Upon Doe</u>, 781 F.2d 238, 247-48 (2d Cir. 1985) (en banc) ("[A]bsent special circumstances, client identity and fee information are not privileged[.]").

4

estates. A similar conclusion results for the remaining documents, consisting of four revocable trust agreements and six amendments thereto. See, e.g., S.E.C., Inc. v. Wyly, No. 10CV5760(SAS), 2012 WL 414457, at *6 (S.D.N.Y. Jan. 30, 2012) ("[A]s a trust agreement, it is a public document. Therefore it is not protected by any privilege.") (citing In re New York Renu with Moistureloc Product Liability Litigation, No. MDL 1785, CA 2:06MN77777(DCN), 2008 WL 2338552, at *11 (D.S.C. May 8, 2008))). Furthermore, most of the documents at issue are signed by individuals whose roles are not known to the Court, which eviscerates any purported confidentiality.[2]

"Ultimately, the burden is on the party asserting the attorney-client privilege to establish each element of the three-part standard. Any ambiguities as to whether the essential elements have been met are construed against the party asserting the privilege." Koumoulis v. Indep. Fin. Mktg. Grp., Inc., 295 F.R.D. 28, 38 (E.D.N.Y. 2013), aff'd, 29 F. Supp. 3d 142 (E.D.N.Y. 2014). "To satisfy the burden of establishing the privilege, the party invoking the privilege cannot rely on conclusory assertions, but rather must proffer competent evidence to demonstrate that its privilege claims are well founded." In re FiberMark, Inc., 330

---

[2] Many of these documents are also notarized. It is unclear whether the notary is an agent of Movant. See, e.g., von Bulow, 811 F.2d at 146 ("[T]he [attorney-client] privilege must include all the persons who act as the attorney's agents." (citation omitted)).

B.R. 480, 497 (Bankr. D. Vt. 2005) (citation omitted). This "is generally accomplished by way of affidavits or equivalent statements discussing the applicability of the attorney-client privilege to each document at issue." Matter of Modell, 171 B.R. 510, 514 (Bankr. S.D.N.Y. 1994) (citation omitted). Here, Movant has failed to provide an affidavit or other competent evidence in support of his Objection and instead relies on a blanket statement that the documents at issue are protected by the attorney-client privilege. This is not sufficient to sustain his burden. Accordingly, Movant's Objection [**Doc. #6**] is **OVERRULED**.

## CONCLUSION

For the reasons stated above, Movant's Objection [**Doc. #6**] is **OVERRULED,** and the documents at issue may be forwarded to the investigative/prosecutorial team in accordance with the procedures set forth in the Search Warrant.

This is not a recommended ruling. This is a non-dispositive ruling and order which is reviewable pursuant to the "clearly erroneous" statutory standard of review. See 28 U.S.C. § 636(b)(1)(A); Fed. R. Crim. P. 59(a). As such, it is an order of the Court unless reversed or modified by the District Judge upon motion timely made.

SO ORDERED at New Haven, Connecticut this 10th day of February 2017.

/s/
HON. SARAH A. L. MERRIAM
UNITED STATES MAGISTRATE JUDGE